IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Gordon P. Gallagher, United States Magistrate Judge

Civil Action No. 20-cv-03624-LTB-GPG

KENT VU PHAN,

    Plaintiff,

v.

RED SKY HOMEOWNERS ASSOCIATION INC.,

    Defendant.

## RECOMMENDATION REGARDING DISMISSAL

This matter comes before the Court on Plaintiff Kent Vu Phan's Amended Complaint (ECF No. 6)[1]. The matter has been referred to this Magistrate Judge for recommendation (ECF No. 8)[2].

The Court must construe Plaintiff's filings liberally because he is not represented

---

[1] "(ECF No. ___)" is an example of the convention I use to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). I use this convention throughout this Recommendation.

[2] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72(b). The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive, or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520- 21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110.

The Court has reviewed the filings to date. The Court has considered the case file and the applicable law, and is sufficiently advised in the premises. This Magistrate Judge respectfully recommends that the Amended Complaint (ECF No. 6) be dismissed without prejudice for failure to comply with Rule 8 of the Federal Rules of Civil Procedure.

## I.     Factual and Procedural Background

Plaintiff Kent Vu Phan resides in Aurora, Colorado. On December 10, 2020, he filed *pro se* a Complaint (ECF No. 1) and an Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) (ECF No. 3). The Court granted him leave to proceed *in forma pauperis* (ECF No. 4).

This is the fifth lawsuit filed by Plaintiff in this District arising from the alleged contamination of his condominium's crawlspace. *See also Phan v. Red Sky Condominium HOA, et al.*, Case No. 20-cv-03439-LTB-GPG (ongoing); *Phan v. Hammersmith Management, Inc.*, Case No. 18-cv-01351-RBJ-MEH, at ECF No. 71 (D. Colo. Feb. 25, 2020) (dismissed with prejudice pursuant to the parties' stipulation); *Phan v. Hipple, et al.*, Case No. 17-cv-02830-LTB, at ECF No. 5 (D. Colo. Dec. 19, 2017) (dismissed in part as barred by res judicata); *Phan v. Hipple, et al.*, Case No. 16-cv-03111-LTB, at ECF No. 12 (D. Colo. May 25, 2017) (dismissed as legally frivolous, for failure to comply with Fed. R. Civ. P. 8, and for lack of jurisdiction).

Due to legal deficiencies in the Complaint, the Court directed Plaintiff to file an amended pleading (ECF No. 5).   On January 22, 2021, Plaintiff filed an Amended Complaint, which is the operative pleading (ECF No. 6).

In the Amended Complaint (ECF No. 6), Plaintiff alleges Defendant Red Sky Homeowners Association sent a bill in the amount of $13,359.01 to him on November 18, 2020, which constituted violations of PAIMI and the Americans with Disabilities Act ("ADA"), racial discrimination and retaliation under 42 U.S.C. § 1981, and intentional infliction of emotional distress.   Plaintiff requests money damages as compensation for his mental anguish.

## II.     Rule 8 of the Federal Rules of Civil Procedure

The Amended Complaint is deficient because Plaintiff does not show that he is entitled to relief, in violation of Rule 8 of the Federal Rules of Civil Procedure.   Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought."

As explained in the Order Directing Plaintiff to File Amended Complaint (ECF No. 5) and herein, PAIMI does not provide a private cause of action to individuals; private residential condominiums are not public accommodations governed by the ADA; and Plaintiff does not set forth plausible allegations that Defendant intended to discriminate and/or retaliate against him because of his race.   Because there is no cognizable basis for this Court's federal subject matter jurisdiction, the Court should decline to exercise supplemental jurisdiction over Plaintiff's emotional distress claim.

### III. PAIMI

The Court construes Plaintiff's reference to "PAIMI" as to the Protection and Advocacy for Individuals with Mental Illness Act. PAIMI authorizes certain protection and advocacy systems to bring suit regarding access to patient records; its provisions do not provide a private cause of action to an individual such as Plaintiff. *See* 42 U.S.C. § 10805(a)(1)(B), (C), § 10807; *see, e.g.*, *Ind. Prot. & Advocacy Servs. v. Ind. Family & Social Servs. Admin.*, 603 F.3d 365, 374-82 (7th Cir. 2010); *Burke v. N.D. Dep't of Corr. & Rehab.*, No. 1:07-cv-004, 2007 WL 1456217, at *8 (D. N.D. 2007); *see also Sardakowski v. Ivandick*, No. 16-1140, -- F. App'x --, 2016 WL 3453706, at *1 (10th Cir. June 23, 2016) (affirming dismissal of PAIMI claim as frivolous). Plaintiff does not show that he is entitled to relief pursuant to PAIMI in violation of Rule 8.

### IV. ADA

The Americans with Disabilities Act ("ADA") forbids discrimination against persons with disabilities in three major areas of public life: employment, which is covered by Title I; public services, programs, and activities, which are the subject of Title II; and public accommodations, which are covered by Title III. *Tennessee v. Lane,* 541 U.S. 509, 516-17 (2004). Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a *public entity,* or be subjected to discrimination *by any such entity.*" *Phillips v. Tiona*, 508 F. App'x 737, 747 (10th Cir. 2013) (citing 42 U.S.C. § 12132) (emphasis in original).

Plaintiff does not allege any fact to suggest an employment relationship between himself and Defendant, nor do the allegations suggest he was somehow denied the

4

benefits of public services, programs, or activities.  (*See* ECF No. 6).  Defendant does not appear to be a public entity, nor does Plaintiff allege it somehow is a governmental instrumentality.  (*See id.*).  Thus, Titles I and II do not apply here.

Plaintiff requests only money damages, thus Title III of the ADA does not provide the relief he seeks.  *Phillips*, 508 F. App'x at 754 (under 42 U.S.C. § 12188(a), the "sole remedy for a Title III claim is injunctive relief"); *see also Powell v. Nat'l Bd. of Med. Exam'rs*, 364 F.3d 79, 86 (2d Cir. 2004) ("A private individual may only obtain injunctive relief for violations of a right granted under Title III; he cannot recover damages."). Further, as a general matter, many courts have held that private residential "apartments and condominiums do not constitute public accommodations within the meaning of the Act."  *Indep. Hous. Servs. of San Francisco v. Fillmore Ctr. Assocs.*, 840 F. Supp. 1328, 1344 (N.D. Cal. 1993); *see also Felknor v. Tallow Wood Apartments*, No. CIV.A.08-1092, 2009 WL 3230607, at *2 (W.D. La. Sept. 28, 2009) (collecting cases). Plaintiff does not show that he is entitled to relief under the ADA in violation of Rule 8.

**V.      42 U.S.C. § 1981**

Plaintiff alleges in conclusory fashion that Defendant discriminated and retaliated against him based on his race, in violation of 42 U.S.C. § 1981.  (*See* ECF No. 6).

To establish a claim under § 1981, Plaintiff must show that he is "(1) [a] member[ ] of a protected class; (2) the defendant had an intent to discriminate on the basis of race; and (3) the discrimination interfered with a protected activity as defined in § 1981." *Shawl v. Dillard's Inc.*, 17 F. App'x 908, 911 (10th Cir. 2001).  The protected activities defined in § 1981 include "the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the

contractual relationship." 42 U.S.C. § 1981(b). Section 1981 protects against nongovernmental discrimination, as well as discrimination "under color of State law." 42 U.S.C. § 1981(c).

Plaintiff does not set forth plausible factual allegations supporting a claim of racial discrimination and/or retaliation. (*See* ECF No. 6); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged.). Plaintiff does not show that he is entitled to relief under § 1981 in violation of Rule 8.

## VI.     Recommendation

Due to Plaintiff's failure to show he is entitled to relief, this Magistrate Judge recommends that the Amended Complaint (ECF No. 6) be dismissed without prejudice for failure to comply with Rule 8. *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1162 (10th Cir. 2007) (dismissal without prejudice on basis of failure to comply with Rule 8 is within district court's discretion). Because the Court recommends dismissal of the federal claims in the Amended Complaint, the Court should decline to exercise supplemental jurisdiction over the pendent state law claim of infliction of emotional distress. *See* 28 U.S.C. § 1367(c)(3).

For the reasons set forth herein, this Magistrate Judge respectfully

RECOMMENDS that the Amended Complaint (ECF No. 6) and this action be DISMISSED WITHOUT PREJUDICE for failure to comply with Rule 8 of the Federal Rules of Civil Procedure.

DATED this 5th day of March, 2021.

BY THE COURT:

_____
Gordon P. Gallagher
United States Magistrate Judge